**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ED TOBERGTE ASSOCIATES COMPANY<br>d/b/a GEAR 2000, an Ohio corporation,<br><br>                Plaintiff,<br><br>   v.<br><br>RUSSELL CORPORATION, a Delaware<br>corporation<br>                Defendant. | Case No. 2:08-cv-02290-JWL-GLR |

**PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiff Ed Tobergte Associates Company, d/b/a Gear 2000 ("Gear 2000") respectfully requests that this Court deny Defendant Russell Corporation's ("Russell") Motion for Protective Order as to Plaintiff's Notice of 30(b)(6) Deposition of Defendant Russell Corporation ("Motion"). In support of this opposition, Gear 2000 states as follows:

**Background**

Russell contacted counsel for Gear 2000 on Monday, February 2, 2009 (which was its final day to file a protective order subject to the automatic stay provision of Local Rule 26.2), to request, for the first time, that Gear 2000 reschedule its properly noticed 30(b)(6) deposition of Russell or counsel for Russell would file its Motion. Russell counsel did not propose an alternative date to March 5, 2009 on which to conduct Gear 2000's 30(b)(6). Instead, Russell's counsel advised Gear 2000's counsel that counsel should agree to extend the 30(b)(6) deadline out an additional four to six weeks from the properly noticed March 5, 2009 date.

Russell has not alleged any facts (or even a conclusory allegation) that the 30(b)(6) deposition notice is overly broad or unduly burdensome. Russell has not alleged that the 30(b)(6) notice and its planned March 5, 2009 date would result in annoyance, embarrassment, oppression, or undue burden or expense upon Russell.

### **Applicable Legal Standard**

"The party seeking a protective order has the burden to show good cause for it." *Reed v. Bennett,* 193 F.R.D. 689, 691 (D. Kan. 2000). To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16, (1981). Fed. R. Civ. P. 26(c)(1).

"The court has broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Miller v. Union Pacific Railroad Company*, 2008 WL 4724471 *2 (D. Kan. 2008); *citing to MGP Ingredients, Inc. v. Mars Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007). "Notwithstanding this broad grant of discretion, a court may issue a protective order only if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, i.e., that the requested order is necessary to protect the party 'from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* at *2.

### **Argument**

Russell has the burden to show good cause for the requested protective order. It has failed to carry its burden. Instead, Russell asserts that allowing the 30(b)(6) deposition to take place on March 5, 2009 will "almost certainly result in numerous discovery disputes that this Court will be forced to decide . . ." such as "Russell's corporate representative(s) will likely not be in a position to

fully testify to the noticed topics of examination." (Motion at ¶ 4). Russell's inability to properly prepare its own 30(b)(6) representative(s) upon six week's prior notice is not a dispute for this Court to decide, as Russell suggests.

A notice of deposition made pursuant to Fed. R. Civ. P. 30(b)(6) requires the corporation to not only produce such number of persons as will satisfy the topics for examination "*but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.*" *Audiotext Communications Network, Inc. v. US Telecom, Inc.*, 1995 WL 625962 *13 (D. Kan. 1995) (emphasis in original). Russell's hypothetical disputes that may occur in the future as a result of its (five) counsels' inability to prepare its 30(b)(6) representatives is not good cause.

Despite Russell's assertion that it cannot properly prepare its 30(b)(6) witness before March 5, 2009 it will produce that same presumably unprepared representative if Gear 2000 agrees to forego its right to file leave with this court in the event it must notice Russell's corporate representative a second time. Without addressing the inherent illogic in Russell's argument/proposition, Gear 2000 respectfully declines this offer.

Russell's request to reschedule the 30(b)(6) deposition will greatly impact the parties' ability to engage in substantive alternative dispute resolution as ordered by this Court prior to the parties' ADR deadlines set forth in the Report of Parties Planning Conference ("Report"). Gear 2000 has alleged that Russell willfully infringed its US Patent No. 7,168,104. The facts surrounding and supporting Gear 2000's willfulness claim are an essential component to any settlement discussion.

3

Prior to March 9, 2009, Gear 2000 will have (i) received Russell's responses to its first set of interrogatories and requests for production and (ii), if this Court so decides, conducted its 30(b)(6) deposition. This information will greatly inform Gear 2000's March 9, 2009 proposed settlement offer to Russell. Russell has already filed its first set of interrogatories and requests for production, as well and will be in a position to respond to Gear 2000's settlement proposal after having reviewed Gear 2000's responses. However, granting this Motion will greatly impair both parties ability to engage in substantive settlement discussions prior to the filing of their respective confidential settlement reports to this Court on April 3, 2009.

## Conclusion

Russell has failed to show good cause upon which its motion could be granted. Indeed, Russell has the resources and expert counsel to sufficiently prepare its 30(b)(6) representative(s) for a March 5, 2009 deposition. For the reasons stated herein, Gear 2000 respectfully requests that this Court deny Russell's Motion.

Date:  February  4 , 2009


By  *s/Ginnie C. Derusseau*

   Ginnie C. Derusseau #16988
   Erickson, Kernell, Derusseau & Kleypas, LLC
   800 West 47th Street, Suite 401
   Kansas City, Missouri 64112
   Telephone:  (816) 753-6777
   Facsimile:  (816) 753-6888
   ginnied@kcpatentlaw.com

   John P. Passarelli, NE #16018
   Stephen J. Pedersen, NE #22465
   Kutak Rock LLP
   1650 Farnam Street
   Omaha, NE 68102
   Telephone:  (402) 346-6000
   Facsimile:   (402) 346-1148
   john.passarelli@kutakrock.com
   stephen.pedersen@kutakrock.com

   ATTORNEYS FOR PLAINTIFF
   ED TOBERGTE ASSOCIATES COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2009, I electronically filed the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

>Russell S. Jones, Jr. D. Kan. #70814
>Richard P. Stitt KS #14268
>Joshua M. McCaig MO #56059
>SHUGHART THOMSON & KILROY, P.C.
>120 West 12th Street, Suite 1600
>Kansas City, MO 64105
>Telephone: 816-421-3355
>Facsimile: 816-374-0509
>Email: rjones@stklaw.com
>Email: rstitt@stklaw.com
>Email: jmccaig@stklaw.com

>and

>Edward J. Everitt
>Joel M. Kuehnert
>Nathan W. Johnson
>Bradley Arant Rose & White
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, AL  35203
>Telephone: 205-521-8000
>Facsimile: 205-521-8800
>Email: eeveritt@bradleyarant.com
>Email: jkuehnert@bradleyarant.com
>Email: njohnson@bradleyarant.com

*s/Ginnie C. Derusseau*
Ginnie C. Derusseau