GLR:ja

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ED TOBERGTE ASSOCIATES
COMPANY d/b/a GEAR 2000,
an Ohio corporation,

        Plaintiff,

        v.                             Case No. 08-2290-JWL-GLR

RUSSELL CORPORATION,
a Delaware corporation,

        Defendant.

## SCHEDULING ORDER

On February 5, 2009, pursuant to Fed. R. Civ. P. 16(b), the court conducted a telephone scheduling conference with the parties.[1] Plaintiff appeared through counsel Ginnie C. Derusseau. Defendant appeared through counsel Russell S. Jones, Jr., Edward J. Everitt and Nathan W. Johnson.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | 3/9/09 |
| Defendant's settlement counter-proposal | 3/27/09 |
| Confidential settlement reports to magistrate judge, with identification of agreed-upon mediator or other ADR neutral | 4/3/09 |
| Mediation or other ADR process completed | 5/1/09 |
| Settlement conference with court | N/A |
| Initial disclosures exchanged | 3/9/09 |
| All discovery completed | 11/5/09 |
| Early discovery completed | N/A |
| Experts disclosed by party bearing burden of proof | 9/20/09 |
| Response | 10/20/09 |
| Independent medical examinations | N/A |
| Supplementation of disclosures | 40 days before the deadline for completion of discovery |
| Preliminary witness and exhibit disclosures | N/A |
| Jointly proposed protective order submitted to court | 3/2/09 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | 3/2/09 |
| Motions to join additional parties or otherwise amend the pleadings | 5/15/09 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | 3/19/09 |
| All other potentially dispositive motions (e.g., summary judgment) | 12/5/09 |
| Motions challenging admissibility of expert testimony | 12/5/09 |
| Comparative fault identification | N/A |
| Status conference | N/A |
| Final pretrial conference | 11/19/09 @ 2:15 p.m. |
| Proposed pretrial order due | 11/12/09 |
| Trial | 4/6/10 @ 9:30 a.m. |

**1.      Alternative Dispute Resolution (ADR).**

a.      By March 9, 2009, plaintiff shall submit to defendant a good faith proposal to settle the case.  By March 27, 2009, defendant shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case.  By April 3, 2009, each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the magistrate judge (but not the district judge), a confidential settlement report.  These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method, together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in an ADR process. These reports need not be served upon opposing parties and **shall not** be filed with the Clerk's Office. The court may thereafter order participation in an ADR process.

b.      Settlement may be enhanced by use of mediation.  Counsel shall provide the name of an agreed-upon mediator to the court, and the scheduled date of the mediation, as part of the above-described confidential settlement reports; if the parties are unable to jointly agree upon a mediator, each shall suggest a mediator and then the court will select a mediator.  Absent further order of the court, the ADR process shall be held no later than May 1, 2009, before the mediator chosen by the parties or selected by the court.  An ADR report,

on the form located on the court's Internet website,  must be filed by defense counsel within

five days of the scheduled ADR process

*http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf).*

## 2.    Discovery.

      a.      The parties shall exchange by March 9, 2009 the information required by Fed.

R. Civ. P. 26(a)(1).  In order to facilitate settlement negotiations and to avoid unnecessary

expense, the parties have agreed that, without any need for formal requests for production,

copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures

shall be exchanged or made available for inspection and copying  by March 9, 2009.  The

parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that

the disclosing party "may use to support its claims or defenses, unless solely for

impeachment," the advisory committee notes to the 2000 amendments to that rule make it

clear that this also requires a party to disclose information it may use to support its denial or

rebuttal of the allegations, claim, or defense of another party.  In addition to other sanctions

that may be applicable, a party who without substantial justification fails to disclose

information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such

failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any

witness or information not so disclosed.  *See* Fed. R. Civ. P. 37(c)(1).

      b.      All discovery shall be commenced or served in time to be completed by

November 5, 2009.

c.      The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

d.      Consistent with the parties' agreements as set forth in the planning conference report submitted pursuant to Fed. R. Civ. P. 26(f), electronically stored information (ESI) in this case will be handled as follows:  It will be assumed that the document requests of a requesting party under Fed. R. Civ. P. 34 seek production of the producing party's electronically stored information and the parties will search for and produce both electronically stored information and documents in response to requests for production (collectively, "documents").  The parties shall produce documents in hard copy or electronic image form (.pdf or .tif), unless a format (including native format) is specifically requested. To the extent a good faith response to a party's discovery requests requires the responding party to conduct automated searches of reasonably accessible sources of electronically stored information, such as relational databases, then the parties shall meet and confer to discuss a proposed list of search queries and attempt to agree upon search terms or phrases to be used in such searching.  In any event, the parties will preserve responsive electronically stored information, to the extent it exists, in its native format.

e.      Consistent with the parties' agreements as set forth in their Rule 26(f) report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:  Both parties wish to preserve all privileges and will prepare a privilege log with respect to all documents withheld on the basis of privilege that predate the filing of the Complaint in this action.

f.      No party shall serve more than 30 interrogatories, including all discrete subparts, to any other party.

g.      There shall be no more than 10 depositions by plaintiff and 10 by defendant.

h.      Each party agrees to limit the duration of 5 of its 10 depositions to 3.5 hours. All depositions shall be governed by the written guidelines that are available on the court's Internet website,

*(http://www.ksd.uscourts.gov/guidelines/depoguidelines.pdf)*.

i.      Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by the party bearing the burden of proof on an issue for which the expert was retained by September 20, 2009, and by the responsive party by October 20, 2009.   The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them.   These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications).   These objections need not extend to the admissibility of the expert's proposed testimony.   If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections.   As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and

served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived.  *See* D. Kan. Rule 37.1(b).

j.     Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served in any event 40 days before the deadline for completion of all discovery.  The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial.  The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires.  Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

k.     At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures

pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), (ii) & (iii). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

l.    Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, counsel shall confer and then submit a jointly proposed protective order by March 2, 2009. Such jointly proposed protective orders should be drafted in compliance with the written guidelines that are available on the court's Internet website:

*(http://www.ksd.uscourts.gov/guidelines/protectiveorder.pdf).*

At a minimum, such proposed orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by March 2, 2009.

m.    To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does

this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(b).

**3.    Motions.**

a.    Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by May 15, 2009.

b.    Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted shall be filed by March 19, 2009.

c.    All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by December 5, 2009.

d.    All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than December 5, 2009.

e.    Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).

**4.    Other Matters.**

a.    The parties agree that principles of comparative fault do not apply to this case.

b.      Pursuant to Fed. R. Civ. P. 16(e), a final pretrial conference is scheduled for November 19, 2009 at 2:15 p.m.  by telephone unless the judge determines that the proposed Pretrial Order is not in the appropriate format or that there are other problems requiring counsel to appear in person.  If that determination is made the final pretrial conference will be held in Room #698, Robert J. Dole U. S. Courthouse, 500 State Avenue, Kansas City, Kansas.  Unless otherwise notified, the undersigned magistrate judge will conduct the conference.  No later than November 12, 2009, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_rushfelt_chambers@ksd.uscourts.gov*.  The proposed pretrial order shall not be filed with the Clerk's Office.  It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.  **If the Pretrial Conference is to proceed by telephone**, contact information shall be sent to *ksd_rushfelt_chambers@ksd.uscourts.gov* at least 48 hours prior to the setting.

c.      The parties expect the trial of this case to take approximately 5 days.  This case is set for trial on the court's docket beginning on April 6, 2010 at 9:30 a.m.  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's

courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

d.    The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time, or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date.

e.    The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

f.    The following schedule applies to a prospective *Markman* hearing.

(1)    Terms to be Construed: Not later than June 18, 2009, the parties shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court.

(2)    Proposed Construction: Not later than July 2, 2009, the parties shall exchange proposed construction of each such term, phrase or clause identified by either party in the lists exchanged under paragraph (1) above. At the same time, the parties shall provide a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective constructions.

(3)    Claim Construction Briefs: On July 20, 2009, the parties shall serve and file simultaneous claim construction briefs, with supporting evidence as necessary.

(4)     Reply to Claim Construction Briefs: On August 20, 2009, the parties shall serve and file reply briefs and any evidence directly rebutting the supporting evidence contained in the opposing party's claim construction brief.

(5)     Claim Construction Hearing: After briefing is concluded and subject to the convenience of the Court's calendar, the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated this 10th day of February 2009, at Kansas City, Kansas.

<u>s/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties