## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ED TOBERGTE ASSOCIATES COMPANY d/b/a GEAR 2000, an Ohio corporation,** )<br>)<br>)<br>) | |
| Plaintiff, )<br>) | |
| v. ) )| **CIVIL ACTION NUMBER:**<br>**2:08-cv-02290-JWL-GLR** |
| **RUSSELL CORPORATION, a Delaware corporation, n/k/a RUSSELL BRANDS, LLC, a Delaware Limited Liability Company,** )<br>)<br>)<br>)<br>) | |
| Defendant. ) | |

## PROTECTIVE ORDER GOVERNING THE
## PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

WHEREAS, the parties to this action believe that in the course of this Action certain information is likely to be disclosed and produced that constitutes trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties desire to limit the extent of disclosure and use of such confidential material from unauthorized use and/or further disclosure, and wish to ensure that no advantage is gained by any party by the use of such confidential material which could not have been learned had discovery in this litigation not occurred; and

WHEREAS, each of the parties believes that entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure would serve its interests; and

1

WHEREAS, the Court finds that good cause exists for the entry of this Protective Order in this Action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect trade secrets and other confidential research, development, or commercial information.

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that this Protective Order shall govern the production and/or disclosure by any party or non-party ("the Producing Party") in this Action, including, without limitation, Rule 26 disclosures, documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and testimony (such information shall hereinafter be referred to as "Discovery Material") and the handling of all such information produced or disclosed to any party ("Receiving Party") regardless of whether such Discovery Material was produced before or after the entry of this Protective Order.

1. This Protective Order shall apply to all information and documents, electronic documents, things, discovery responses and testimony considered in good faith by a Producing Party to constitute or contain confidential material and designated by such party or non-party as (1) "CONFIDENTIAL" or (2) "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the terms of this Protective Order.

2. The term "Confidential Discovery Material" shall refer to Discovery Material that contains or constitutes nonpublic confidential, proprietary, commercially sensitive, or trade secret information. Any Producing Party may designate any Discovery Material produced by it as "CONFIDENTIAL" under the terms of this Protective Order if such party in good faith believes that such Discovery Material qualifies as Confidential Discovery Material. All Discovery Material so designated shall be treated as Confidential Discovery Material (without regard to the Receiving

Party's estimation of whether the Discovery Material qualifies as actual Confidential Discovery Material) until such time as the parties agree otherwise or the Court enters an order under Section 19 requiring a different treatment or designation.

3. The term "Highly Confidential Discovery Material" shall refer to Discovery Material that contains highly confidential material which comprises highly sensitive technical information relating to research for and/or production of current products, technical, business and/or research information regarding future products, highly sensitive financial information and marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations, as well as other Discovery Material that relate to other proprietary information that the producing party reasonably believes is of such nature and character that disclosure of such information to the other party of record would be harmful to the producing party. Any Producing Party may designate any Discovery Material produced by it as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the terms of this Protective Order if such party in good faith believes that such Discovery Material qualifies as Highly Confidential Discovery Material. All Discovery Material so designated shall be treated as Highly Confidential Discovery Material (without regard to the Receiving Party's estimation of whether the Discovery Material qualifies as actual Highly Confidential Discovery Material) until such time as the parties agree otherwise or the Court enters an order under Section 19 requiring a different treatment or designation.

4. CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Material and information derived therefrom shall be used solely for purposes of this Action and shall not be used for any other purpose, including, without limitation, any business, proprietary, or commercial purpose, or in other litigation.

5.  The designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" for purposes of this Protective Order shall be made in the following manner by the Producing Party:

a.  In the case of Rule 26 disclosures, documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other documentary materials (excluding depositions or other testimony) and tangible things by affixing the legend "CONFIDENTIAL" to each thing and each page containing any Confidential Discovery Material and affixing the legend "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page containing Highly Confidential Discovery Material. When a Producing Party produces documents or other tangible things for inspection, no marking need be made by the Producing Party in advance of the inspection. For purposes of such inspection, all documents and tangible things produced shall be considered marked as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY". Thereafter, upon selection of specified documents or things for copying by the Receiving Party, the Producing Party shall mark the copies of such documents and things with the appropriate confidentiality marking at the time that the copies are produced to the Receiving Party.

b.  In the case of depositions or other testimony (i) by a statement on the record by counsel during such deposition or other testimony or portion thereof that such testimony shall be treated as Confidential or Highly Confidential Discovery Material, or (ii) by written notice to all parties sent by counsel within fifteen (15) business days after counsel receives a copy of the transcript thereof. In both of the foregoing instances, each party shall affix to all originals and copies of transcripts in its possession or control the appropriate confidentiality legends. The parties shall treat all depositions and other testimony as Highly Confidential Discovery Material until

fifteen (15) business days after receiving a copy of the transcript thereof. After fifteen (15) business days, only those portions of any transcript designated as "CONFIDENTIAL" shall be deemed Confidential Discovery Material, and only those portions of any transcript designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be deemed Highly Confidential Discovery Material.

   c. In the case of information made available during an inspection of premises, all such information shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Counsel for the Receiving Party shall be responsible for arranging to have the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" legend affixed to all notes, drawings, photographs, videotapes or other documents and copies or portions thereof made at or as a result of the inspection and shall provide counsel for Producing Party with copies of all such drawings, videotapes, photographs, or other documents with ten (10) business days of the visit; provided, however, that copies of notes taken by an attorney and other privileged material during such an inspection need not be produced, but they shall otherwise be treated as Highly Confidential Discovery Material.

   d. The inadvertent or unintentional disclosure by the Producing Party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to the information disclosed. Any such inadvertently or unintentionally disclosed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, not designated as such pursuant to paragraph 1 or 2, shall be designated

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure. The Receiving Party shall thereafter mark, and treat the materials and any copies of them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate, and such materials shall be fully subject to this Protective Order as if they had been initially so designated.

      6.     Discovery Material designated "CONFIDENTIAL" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

      a.     counsel of record for the parties in this Action, members of their firms, associate attorneys, paralegal, clerical and other regular or temporary employees of such counsel necessary to assist in the conduct of this Action for use in accordance with this Protective Order;

      b.     any attorney employed by a party (i.e., "in-house" counsel), associate attorneys, paralegal, clerical and other regular or temporary employees of such counsel reasonably necessary to assist in the conduct of this Action for use in accordance with this Protective Order;

      c.     outside consultants, experts, or non-technical jury or trial consulting services ("Consultants") retained by a party in this Action;

      d.     three (3) in-house business or scientific representatives for each of the parties ("Party Representative"), as necessary to provide assistance in the conduct and evaluation of this Action;

      e.     the Court, court personnel and court reporters;

      f.     outside photocopying, imaging, data base, graphics or design services retained by outside counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action;

  g.  other persons (including in-house representatives who would not otherwise have access) only upon Order of the Court for good cause shown or upon written stipulation of the Producing Party.

  7.  Discovery Material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to those individuals in sub-paragraph 6(a), (b), (c), (e), (f), and (g).

  8.  Nothing in this Order shall bar or otherwise restrict any outside counsel or in- house counsel from rendering advice to a party-client in this litigation and, in the course thereof, relying upon such attorney's examination and/or analysis of Confidential or Highly Confidential Discovery Material, provided, however, that in rendering such advice and in otherwise communicating with such client, such counsel shall not disclose any Confidential or Highly Confidential Discovery Material to persons not authorized to receive it pursuant to the terms of this Order.

  9.  Each person to be given access to Confidential or Highly Confidential Discovery Material (collectively "Material") pursuant to this Protective Order (except those individuals listed in sub-paragraphs 6(a), 6(b), and 6(e)) shall be provided with a copy of this Protective Order and shall be advised that (a) the Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than pursuant to the terms hereof, and (b) that the violation of the terms of the Protective Order (by use of the Material in any impermissible manner) may subject the person to punishment for contempt of a Court Order. Any such person to be given access to Material must first read the Protective Order, and must execute, in the form attached hereto as Exhibit A, an Undertaking to be bound by this Order and to be subject to the jurisdiction of this Court for purposes of the enforcement of this Order. The original Undertaking

shall be retained by counsel giving access to the Material. If Material is to be disclosed during a deposition or trial, the agreement to be bound and subject to jurisdiction may be made on the record and under oath, rather than in writing, and any objections may also be made orally. Pending resolution of such objections, no disclosures of Material may be made.

10. If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information is to be the subject of examination in deposition of non-party witnesses not previously entitled to access thereto under paragraphs 6 or 7, the following procedures shall apply. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information shall not be provided to any such person without (a) the Producing Party's prior written consent or oral consent during a deposition on the record, or (b) order of the Court upon motion and notice. After receiving such consent, the party seeking to use the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information during a deposition shall obtain an Undertaking in the form attached as Exhibit A. Neither prior consent nor an Undertaking is required if the witness is a present or former employee or consultant of the Producing Party, or if he or she wrote or received the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information during the course of his or her employment or consultancy.

11. Should any Confidential or Highly Confidential Discovery Material be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then, in addition to any penalties for violation of this Protective Order to which the disclosing party may be subject, the disclosing party shall use its best efforts to bind such unauthorized person to the terms of this Protective Order; and the disclosing party shall: (a) promptly inform such person of all the provisions of this Protective Order; (b) immediately advise

the Producing Party of the identity of Confidential or Highly Confidential Discovery Material so disclosed and the identity of the person(s) to whom it was disclosed; (c) request such person to sign an Undertaking in the form attached as Exhibit A; and (d) retrieve all copies of documents and things containing the inadvertently disclosed information. The executed Undertaking shall be served promptly upon the Producing Party.

12.     All documents of any nature, including briefs, which contain information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or which contain Confidential or Highly Confidential Discovery Material, which are filed with the Court shall be filed under seal in accordance with Local Rule 5.4.6.

13.     Entering into, agreeing to, and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Protective Order shall not:

   a.     operate as an admission by any party that any particular Confidential or Highly Confidential Discovery Material produced by another party or non-party contains or reflects trade secrets, proprietary or commercially sensitive information or any type of confidential information;

   b.     operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Discovery Material;

   c.     prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

    d. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

    e. prejudice in any way the rights of a party to seek determination by the Court whether any Discovery Material should or should not be subject to the terms of this Protective Order;

    f. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; and/or

    g. prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

  14. Nothing herein shall be construed to limit or restrict a party's use or disclosure of its own Confidential or Highly Confidential Discovery Material for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential or Highly Confidential Discovery Material obtained lawfully by such party independently of any proceedings in this Action, or which:

    a. was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in the Action; and/or

    b. is or becomes publicly known by lawful means and through no fault or act of such party; or

    c. is rightfully received by such party from a third party which has authority to provide such Confidential or Highly Confidential Discovery Material and without restriction as to disclosure.

  15. In the event additional parties join or are joined in this Action, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Protective Order or an alternative protective Order entered by the Court.   1 6 .

  It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this Action.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto for good cause.  No change in this Protective Order that adversely affects the protection of any information, document, or thing produced or given by a non-party in this case shall be made without giving appropriate notice to that non-party and an opportunity to be heard by the Court.

  17. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court or pending the entry of an alternative thereto which is satisfactory to all parties.

  18. The provisions of this Protective Order shall survive the conclusion of this Action. Within sixty (60) days after receiving notice of the entry of an Order, judgment or decree finally disposing of this Action, including any appeals therefrom, all persons having received Confidential or Highly Confidential Discovery Material shall return to counsel for the Producing Party such material and all copies thereof (including summaries and excerpts).  Counsel shall make reasonable efforts to ensure that any Consultants it has retained abide by this provision.  Outside counsel of

record in this Action shall be entitled to retain court papers, deposition and trial transcripts, exhibits and attorney work product (including court papers, transcripts, and attorney work product that contains Confidential Discovery Material) provided that such counsel, and employees of such counsel, shall not disclose any Confidential Discovery Material contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party.  All material returned to the parties or their counsel by the Court likewise shall be handled in accordance with this paragraph.

19. During the pendency of this Action, any party challenging the designation of any Discovery Material or testimony as Confidential or Highly Confidential Discovery Material may, after conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Producing Party to resolve any such challenge, move for an Order vacating the designation by filing and serving a motion in accordance with Local Rule 7.1 that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has made a good faith effort to resolve the challenge by conferring directly (in voice to voice dialogue) with counsel for the Producing Party.  While such a challenge is pending, the Discovery Material or testimony in question shall be treated as it has been designated, either Confidential or Highly Confidential Discovery Material, pursuant to this  Protective Order.  The provisions of this Protective Order are not intended to shift the burden of establishing confidentiality, which shall at all times remain with the Producing Party.

20. In the event that any Confidential or Highly Confidential Discovery Material is used in any trial, hearing or other court proceeding in this Action or any appeal therefrom, said

Confidential or Highly Confidential Discovery Material shall not lose its status as Confidential or Highly Confidential Discovery Material through such use.

21. If any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with any legal process by one not a party to this Action, seeking Discovery Material which was produced or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by someone other than the Receiving Party, the Receiving Party shall give actual written notice, by hand or facsimile transmission, within five (5) business days of receipt of the subpoena, demand, or legal process to those who produced or designated the material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to allow the Producing Party to object to its production to the extent permitted by law. Should the person seeking access to the Confidential or Highly Confidential Discovery Material take action against the Receiving Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Protective Order. The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court.

22. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one

(21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request whether or not the receiving party agrees with the claim.

    IT IS SO ORDERED.

    DATED: March 10, 2009

                                            s/ Gerald L. Rushfelt
                                            Gerald L. Rushfelt
                                            United States Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ED TOBERGTE ASSOCIATES COMPANY d/b/a GEAR 2000, an Ohio corporation,**   )<br>  )<br>  )<br>  )<br>        **Plaintiff,**   )<br>**v.**   )<br>  )<br>**RUSSELL CORPORATION, a Delaware corporation, n/k/a RUSSELL BRANDS, LLC, a Delaware Limited Liability Company,**   )<br>  )<br>  )<br>  )<br>  )<br>        **Defendant.**   ) | **CIVIL ACTION NUMBER:**<br>**2:08-cv-02290-JWL-GLR** |

**UNDERTAKING**

The undersigned hereby acknowledges that he or she has read the Protective Order Governing The Protection And Exchange of Confidential Material in the above-captioned action, entered on March 6, 2009; that he or she understands the terms thereof, that he or she agrees to be bound by its terms; and that he or she consents to the jurisdiction of the United States District Court for the District of Kansas in all matters concerning the Protective Order and this Undertaking.

_____                     _____
            DATE                                                                         Signature

                                                                        Print Name and Address:
                                                                        _____
                                                                        _____
                                                                        _____

                                                                        _____
                                                                        Employer or Business Affiliation

15