IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ED TOBERGTE ASSOCIATES COMPANY d/b/a GEAR 2000, an Ohio corporation,** )<br>)<br>)<br>) | |
|     **Plaintiff,** )<br>) | |
| **v.** )<br>) | Case No.:  2:08-cv-02290-JWL-GLR |
| **RUSSELL CORPORATION, a Delaware corporation, n/k/a RUSSELL BRANDS, LLC, a Delaware Limited Liability Company** )<br>)<br>)<br>) | |
|     **Defendant.** | |

### MOTION TO COMPEL PRODUCTION OF DOCUMENTS
### AND MEMORANDUM IN SUPPORT

Pursuant to Fed. R. Civ. Pro. 37(a), Defendant Russell Brands LLC ("Russell"), hereby requests the Court to enter an order compelling prosecuting patent attorney Ginnie Derusseau to produce documents in compliance with a subpoena *duces tecum* that Russell served on her on April 2, 2009. The documents sought are highly relevant to Russell's inequitable conduct defense. Moreover, the Plaintiff Ed Tobergte Associates Company ("Gear 2000") identified Ms. Derusseau as a person with discoverable knowledge in its Initial Disclosures, and the documents sought are likely to be relevant to Gear 2000's patent infringement claim and certain of Russell's other defenses thereto. In support thereof, Russell further states as follows:

1. This case is a patent infringement action in which Plaintiff Ed Tobergte Associates d/b/a Gear 2000 ("Gear 2000") alleges that shoulder pads sold by Russell through its division Bike Athletics infringe U.S. Patent No. 7,168,104. *See generally* Complaint (Doc. 1).

2. In its Answer, Russell pled the defense of inequitable conduct, among other defenses. On April 2, 2009, Russell served a subpoena *duces tecum* on Ms. Derusseau

2495047.01

requesting she produce certain documents by April 16. *See* Exhibit A (the "Document Subpoena"). At the same time, Russell served a subpoena for her to testify by deposition on April 28, 2009. Russell had served previous versions of these subpoenas on Ms. Derusseau on March 6, March 10, and then again on March 25, but each time she objected on grounds of deficiencies in service. In conversations with her counsel Mr. James Kernell on March 23 and March 24, Mr. Kernell stated that regardless of any issues with service of process, Ms. Derusseau would not produce documents responsive to the subpoena or sit for a deposition absent a court order. *See* Exhibit B (Letters of P.Sykes to J.Kernell dated March 25, 2009, and April 2, 2009). By the time she filed her objections to the subpoena on April 15, she had been on notice of the document requests (with the exception of Request No. 11) for about five weeks.

3. Each document request is discussed individually below. In general, the document requests require production of documents related to the prosecution and enforceability of the '104 Patent, which is the subject of this action. These documents are directly relevant to Russell's defense of inequitable conduct. Russell incorporates by reference its discussion in its Opposition to Motion to Quash of case law permitting discovery from the prosecuting patent attorney by accused infringers to support an inequitable conduct defense. *See generally* Opposition to Motion to Quash (Doc. 48, p. 5); *see also V. Mane Fils, S.A. v. International Flavors and Fragrances*, Inc., 2008 WL 3887621, at *4 (D.N.J. 2008) (denying motion to quash subpoena requiring production of all documents related to patent-in-suit and related continuation application and directing the creation of a privilege log for responsive privileged documents); *Vita-Mix Corp. v. Basic Holdings, Inc.*, 2007 WL 2344750, at *3 (N.D. Ohio 2007) (denying motion to quash and requiring prosecuting patent attorney, in response to subpoena *duces tecum*, to "produce all non-privileged 'documents and things relating to the prosecution of the [patent in suit] including all U.S. and foreign patents and patent applications related to the [patent in suit]'"

2

in his possession and provide a privilege log for any responsive documents withheld from production); *aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F. Supp. 2d 770, 777-779 (N.D. Ill. 2005) (denying motion to quash testimonial and document subpoena served on patent attorney to support inequitable conduct defense).

4. Ms. Derusseau objected to the document requests generally on these grounds: relevancy; attorney-client privilege or attorney work product; confidentiality; cumulative or duplicative of discovery sought from Gear 2000; and as requesting documents that may be publicly available. *See* Objections to Subpoena (Doc. 45). Before turning to relevancy of the individual requests, each of these general objections will be addressed.

5. The requests are directed towards documents relating to the '104 Patent and Related Patents. The term Related Patents was defined to include those related by priority or common inventor (*i.e.*, Mr. Tobergte) to the '104 Patent. *See* Exhibit A hereto (Document Subpoena), at Exhibit A thereto (Document Requests), Definition No. 4. As written, this definition included two design patents relating to sporting goods owned by Mr. Tobergte that deal with straps or buckles rather than padding. Russell therefore offered to narrow the definition of Related Patents to exclude these two design patents. *See* Exhibit C (Letter of P.Sykes to J.Kernell, April 24, 2009).

### Ms. Derusseau's General Objections

6. Ms. Derusseau objected to all requests, including requests directed to communications with third parties (Request Nos. 3-4), on the basis of attorney client privilege and the work-product protection. To the extent Ms. Derusseau withholds responsive documents on this basis, Russell submits she must properly identify them on a privilege log as required by Rule 45(b)(2).

7.      Ms. Derusseau objected to all requests to the extent that they called for confidential or trade secret information, but stated that she would produce such responsive documents subject to entry of an appropriate protective order. By its terms, the Court's existing Protective Order is expressly made available to third parties, and Russell submits the Protective Order is more than adequate to address any confidentiality concerns regarding the document production. *See* Protective Order (Doc. 36), p. 2, line 5.

8.      Ms. Derusseau objected to several of the requests as being duplicative of document requests served on the plaintiff Gear 2000. This objection is without merit for two reasons. First, Gear 2000 has failed to produce any documents from its patent counsel's patent file. Second, for purposes of an inequitable conduct defense, whether documents were in the files of and thus known by the prosecuting attorney, as distinct from the client, is a relevant question. *See aaiPharma*, 361 F. Supp. 2d at 777-78 (rejecting movant's argument that subpoena *duces tecum* served on prosecuting attorney was unduly burdensome because it was cumulative of discovery previously served on plaintiff patentee and stating "the question of the nature of [the prosecuting firm's] knowledge of that same information is a separate issue relevant to Defendants' inequitable conduct theory.").

9.      Ms. Derusseua objected to several of the requests on the basis that some of the documents (such as U.S. Patents or the prosecution history itself) are available publicly. While these types of documents may be available publicly, her personal copies, including any marginalia, underlining, and the like, are not publicly available. Moreover, a central issue is what documents were in her file, and Gear 2000 has failed to answer interrogatories on this very question already, even after a request for supplementation. *See* Opp. to Motion to Quash (Doc. 48), pp. 8-10.

4

2495047.01

10. After meeting and conferring, plaintiff's counsel appear to have agreed to produce prior art documents from Ms. Derusseau's file and documents showing when she became aware of the prior art (although no such documents have been produced as of the date of this filing). Ms. Derusseau counsel maintain her objections as to all other responsive documents. Russell therefore will consider each document request in turn.

### The Relevancy of the Individual Document Requests

11. The Document Subpoena included eleven requests for production. As shown in this section, each request is reasonably calculated to lead to the discovery of information relevant to Gear 2000's claim and Russell's defenses in this action.

Request No. 1.

All documents comprising your patent prosecution files related to the '104 Patent or any of the Relevant Patents[1], including but not limited to: drafts of all applications; drafts of correspondence to the USPTO (including without limitation drafts of office action responses, petitions, information disclosure statements, and proposed continuing applications, whether or not such a continuing application was ever filed); complete or incomplete disclosure forms from the inventor(s); attorney questionnaires summarizing resolution of patenting checklists; summaries of the patent portfolio or file; changes to draft applications, whether handwritten or typed; cover sheets to faxes and interoffice memoranda; invention control sheets and invention control reports; and technical drawings, technical information, sketches, tables, and test results.

The core questions for the inequitable conduct defense are what Ms. Derusseau knew and when she knew it. This request, which seeks her patent files, obviously will develop information relevant to this issue. S*ee V. Mane Fils*, 2008 WL 3887621, at *4 (D.N.J. 2008) (requiring

---

[1] As explained in Russell's Opposition to Motion to Quash, at the same time Ms. Derusseau was prosecuting the '104 Patent application, she also was prosecuting United States patent application number 11/059,769 (the "Parallel Application"), in which Mr. Tobergte was a named inventor relating to shoulder pads. The prosecution history of the Parallel Application shows that Ms. Derusseau was aware of highly material prior art, which she did not disclose in the '104 Patent Application. *See* Opp. to Motion to Quash (Doc. 48), pp. 8-10. Moreover, the Federal Circuit has emphasized that the prosecuting attorney's duty to disclose extends to material information of which the attorney became aware from a prior or co-pending patent application. *McKesson Information Systems v. Bridge Medical, Inc.*, 487 F.3d 897, 923 (Fed. Cir. 2007).

5

compliance with subpoena requesting production by prosecuting patent attorney of all documents related to patent-in-suit and related continuation application, subject to privilege log); *Vita-Mix*, 2007 WL 2344750, at *3 (requiring compliance with subpoena requiring prosecuting patent attorney to "produce all non-privileged 'documents and things relating to the prosecution of the [patent in suit] including all U.S. and foreign patents and patent applications related to the [patent in suit],' " subject to privilege log).  In addition, certain of the specific types of documents sought, such as technical drawings, technical information, tables, and test results, bear on other legal issues going to the validity of the patent, including novelty, obviousness, best mode, enablement, and inventorship.

> Request No. 2.
>
> All documents comprising correspondence between you and Gear 2000, related in any way to the prosecution of the '104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents, including but not limited to correspondence which contains information provided to the USPTO or any foreign or international office, correspondence related to technical data or designs, and correspondence transmitting prior art references, prior patents, or other documents potentially relevant to patentability.

Such correspondence (which should be part of the patent files) bears directly on the inequitable conduct defense, as well as novelty, obviousness, best mode, enablement, and inventorship.  While it is possible some responsive documents are privileged and should be logged, "[c]ommunications of 'technical information' between client and attorney for the purpose of submission to the Patent Office are not privileged." *Genal Strap, Inc. v. Dar*, 2006 WL 525794 at *3 (E.D. N.Y. 2006) (citing *In re Minebea Co., Ltd.*, 143 F.R.D. 494, 502 (S.D.N.Y.1992).

> Request No. 3
>
> All documents comprising or relating to communications between you and the USPTO or any foreign or international office and notes of any discussions with USPTO personnel, including but not limited to correspondence or discussions with the primary examiner

6

2495047.01

Tejash Patel, related in any way to the prosecution of the '104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents.

Representations made to the USPTO are relevant to the inequitable conduct defense. They are also relevant to other legal issues, such as claims construction. Written notes regarding oral conversations with examiners may indicate the attorney's state of mind, which is at issue and discoverable with respect to an inequitable conduct defense.

Request No. 4.

All documents evidencing or relating to invoices from, and all correspondence with, any third party (patent search vendors, individuals who prepare drawings, etc.) concerning the preparation of a patent application for, or regarding the patentability/novelty or other searches in relation to the prosecution of the '104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents.

Patent attorneys frequently have patentability or novelty searches run by third party vendors. Documents responsive to this request may show exactly which prior art references were made known to Ms. Derusseau and Mr. Tobergte and when that occurred. Such documents are directly relevant to the inequitable conduct defense. Drawings, especially early drawings, can be relevant to what the inventor regarded as the invention.

Request No. 5

All documents evidencing or relating to your legal bills to or payments to you from Gear 2000, Stromgren Supports, Stromgren Athletics, Inc., Arveda, LLC, or any other individual or entity related thereto in relation to the prosecution of the '104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents (collectively "Files"); records regarding your assigned client/matter numbers for the Files; and records identifying the individual staff members working or who worked on the Files.

Time entries in legal bills may show the actual dates Ms. Derusseua became aware of prior art, as well as the length of time spent by her in reviewing prior art. *See United States v. Wittig*, 2008 WL 5232786, at *2-*3 (D. Kan. 2008) (compelling production of legal bills and stating, in response to an unsubstantiated claim of privilege, that "legal bills are not per se

7

privileged"). United States patent application number 11/059,769 (the "Parallel Application"), the file history of which shows Ms. Derusseau knew of relevant prior art that she *did not* disclose in the '104 Patent application, was filed in the names of Mr. Tobergte and Stephen Arensdorf. *See* Opp. to Motion to Quash (Doc. 48), pp. 8-10 and Ex. E thereto. On information and belief, Arensdorf and Tobergte are business associates in Stromgren Supports, Stromgren Athletics, and/or Arveda. Therefore, to the extent legal bills for the Related Patents were directed to these other entities, they have been requested. Records identifying client/matter numbers for these files will show the relationship between the files; for example, if the files were billed together or treated as belonging to the same client, that would show an even higher degree of relationship and knowledge than the existing co-inventorship and common subject matter. Records identifying staff members who worked on the files will identify other individuals who may have discoverable knowledge. *See aaiPharma*, 361 F. Supp. 2d at 777 (finding "the client matter numbers used by [the law firm], any legal fees charged to [the patentee] by [the law firm], and all individuals of [the law firm] who participated in drafting [a certain] memorandum [at issue] . . . . is likely to be non-privileged, responsive information that is relevant" to the inequitable conduct issue).

<u>Request No. 6</u>

All documents evidencing or relating to all prior art references or patents in the files relating to the '104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents; and all documents evidencing the date when you became aware of any prior art reference or patent, including but not limited to e-mails or correspondence.

Documents responsive to this request are directly relevant to the inequitable conduct defense. Such documents were previously requested, and such information previously sought, by requests for production and interrogatories to Gear 2000. *See* Exhibit B to Opp. to Motion to Quash (Doc. 48), Russell's First Interrogatories and Requests for Production to Gear 2000 and

8

Responses thereto, RFP No. 2, 7-10 and Int. No. 21. However, Gear 2000 failed to produce any responsive documents or properly respond to this discovery, even after Russell requested supplementation. *See* Opp. to Motion to Quash (Doc. 48), p. 8 and Exs. C-D thereto (request for supplementation and supplemental response). As a result of counsel's meeting and conferring, it appears that Ms. Derusseau has agreed to produce documents responsive to this request. However, as of the date of this filing, no such documents have been produced.

Request No. 7

All documents evidencing or relating to, referencing, or discussing disclosure or nondisclosure of any prior art reference to the USPTO in relation to the prosecution of the '104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents, including but not limited to e-mails or correspondence.

Documents responsive to this request are directly relevant to the inequitable conduct defense. To the extent privileged documents are responsive to this request, they should be logged.

Request No. 8

All documents evidencing or relating to your notes regarding prior art references or their content in relation to the prosecution of the '104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents; any document referencing the content of the prior art references, including any analysis of the patentability of devices disclosed in either the 104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents in view of the prior art.

Documents responsive to this request are directly relevant to the inequitable conduct defense, and in particular to the state of knowledge of Ms. Derusseau and her mental impressions with respect to the prior art and its materiality to the patentability of the alleged invention disclosed in the '104 Patent. To the extent privileged documents are responsive to this request, they should be logged.

Request No. 9

All documents comprising your internal notes and memoranda prepared in connection with the '104 Patent application, other patent applications listing Edward Tobergte as an inventor, any prior applications related thereto, or any of the Relevant Patents.

The existence or nonexistence of memoranda addressing the prior art is relevant to the defense of inequitable conduct. *See McKesson Information Systems v. Bridge Medical, Inc.*, 487 F.3d 897, 918 (Fed. Cir. 2007) (noting that " 'information ... specifically considered and discarded as not material' ought to be 'recorded in [the] attorney's file or applicant's file, including the reason for discarding it' " and finding the absence of such a memo relevant to a finding of inequitable conduct (quoting Manual of Patent Examination and Procedure, § 2004)).

Request No. 10

All documents evidencing or relating to the inventorship of the '104 Patent or any Relevant Patent or the evaluation of inventorship of the '104 Patent or any Relevant Patent.

Russell pled that the '104 Patent is invalid because it fails to meet the requirements of 35 U.S.C. § 102, Answer (Doc. 7), Fifth Affirmative Defense. A patent is invalid under Section 102 if the named inventor "did not himself invent the subject matter sought to be patented." 35 U.S.C. § 102(f). Therefore, the documents sought by this request are directly relevant to a defense in this action.

Request No. 11

All specimens of any product of defendant Russell Corporation (n/k/a Russell Brands, LLC) you viewed in conjunction with enforcement of the '104 Patent.

Gear 2000 identified Ms. Derussuea on its initial disclosures as person "knowledgeable concerning the '104 Patent, and the enforcement of the '104 Patent." This request relates directly to a topic for which Plantiff listed her as a person with discoverable information.

10

**Certificate of Compliance with Rule 37(a)(1)**

Counsel for Russell conferred in good faith with counsel for Ms. Derusseau in an attempt to resolve this discovery matter via telephone on March 23, March 24, and April 29, in addition to written correspondence dated March 25 and April 24. Russell voluntarily offered to narrow the definition of Relevant Patents and made efforts to discuss the relevancy and scope of each request individually. Except as noted above with respect to Request 6 above, counsel for Gear 2000 and Ms. Derusseau stood by their objections the document requests and counsel were unable to resolve their disagreements.

WHEREFORE, Russell requests the Court to enter an order compelling Ms. Derusseau to produce all non-privileged documents in her custody, control, or possession responsive to Requests 1-11 attached to the subpoena *duces tecum* served on her, a copy of which is attached as Exhibit A, subject to Russell's narrowing the definition of Relevant Patents to exclude U.S. Patents D486,093 and D543,488, and to require her to provide a privilege log that meets the requirements of Rule 45(b)(2) for any document withheld on the basis of attorney-client privilege or the work product protection.

/s/ Russell S. Jones, Jr.

| | |
|---|---|
| Russell S. Jones, Jr. | D. Kan. #70814 |
| Richard P. Stitt | KS #14268 |
| Joshua M. McCaig | MO #56059 |

POLSINELLI SHUGHART P.C.
120 West 12th Street, Suite 1600
Kansas City MO 64105
Telephone: 816-421-3355
Facsimile: 816-374-0509
rjones@polsinelli.com
rstitt@polsinelli.com
jmccaig@polsinelli.com

2495047.01

OF COUNSEL
Paul M. Sykes
Nathan W. Johnson
Edward J. Everitt
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Fax: (205) 521-8800
psykes@babc.com
njohnson@babc.com
eeveritt@babc.com

ATTORNEYS FOR DEFENDANT
RUSSELL CORPORATION

## *CERTIFICATE OF SERVICE*

I hereby certify that on May 4, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ginnie C. Derusseau
James J. Kernell
Erickson, Kernell, Derusseau & Kleypas, LLC
4400 College Boulevard, Suite 130
Overland Park, KS 66211
Phone: (913) 339-9666
Fax:    (913) 339-6061
ginnied@usapatlaw.com

John P. Passarelli, NE #16018
Stephen J. Pedersen, NE #22465
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102
Telephone:  (402) 346-6000
Facsimile:   (402) 346-1148
john.passarelli@kutakrock.com
stephen.pedersen@kutakrock.com

*Attorneys for Plaintiff Ed Tobergte Associates Company d/b/a Gear 2000*

/s/ Russell S. Jones, Jr.
Attorney for Defendant

12

2495047.01