IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ED TOBERGTE ASSOCIATES COMPANY d/b/a GEAR 2000, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL BRANDS, LLC, a Delaware limited liability company,<br><br>Defendant. | CIVIL ACTION NUMBER:<br>2:08-cv-02290-JWL-GLR |

### BRIEF IN OPPOSITION TO RUSSELL BRANDS, LLC'S MOTION TO COMPEL

Ginnie Derusseau and Ed Tobergte Associates Company d/b/a Gear 2000 ("Gear 2000") submits the following opposition ("Opposition Brief") to Russell Brands, LLC's ("Russell" or "Defendant") Motion to Compel ("Motion") (Doc. 49).

### INTRODUCTION

Before Russell ever received a single response to its First Set of Interrogatories or reviewed a single document responding to its First Set of Requests for Production ("RFP", collectively with First Set of Interrogatories, "Discovery Requests"); Prior to its taking a single deposition; Prior to sending a single letter, correspondence or communication regarding any purported inadequacy in Gear 2000's discovery responses, Russell (defectively) served a subpoena *duces tecum* on Gear 2000's trial counsel ("Document Subpoena").

Through its Document Subpoena, Russell seeks documents from Gear 2000's trial counsel, Ginnie Derusseau and her law firm, Erickson, Kernell, Derusseau & Kleypas LLC that (i) are wholly duplicative and unreasonably cumulative of its Discovery Requests served upon Gear 2000, (ii) are available from a more convenient source, and which have been, and continue

to be, produced, and/or (iii) are the subject of attorney-client privilege and/or work product privilege (all such documents have been identified in a privilege log provided to Russell on May 8, 2009).

Russell's Motion ignores the fact that Ms. Derusseau is - along with being the prosecuting patent attorney for the '104 Patent - trial counsel for Gear 2000. Indeed, the vast majority of the case law, which Russell relies upon in support of its Motion, does not involve (and expressly distinguishes their decisions from) the situation before this Court.

For the reasons stated herein, this Court should grant Gear 2000's and Ms. Derusseau's motion to quash.

## ARGUMENT

### I.  Standard for Motion to Quash

The Federal Rules of Civil Procedure require that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." Fed. R. Civ. P. 26(c)(1).

The Federal Rules of Civil Procedure further provide that a court must quash or modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A). Indeed, a court shall quash or modify a subpoena's discovery requests if it seeks discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought . . ." Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 26(g)(1)(B) reinforces this mandate by requiring that every discovery request be signed by an attorney certifying the following:

> with respect to a discovery request . . . it is . . . not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B)(ii)-(iii).

## II. Defendant's Document Subpoena Requests Documents That Are Wholly Duplicative and Unreasonably Cumulative of Its First Set of Discovery on Gear 2000.

Russell's Document Subpoena requests the production of Documents already requested in its First Set of Discovery Requests, served upon Gear 2000 on February 4, 2009. Gear 2000 has, in large part, already produced or is in the process of producing, documents responsive to these requests. This did not, however, prevent Russell from preemptively and prematurely serving the Document Subpoena on Gear 2000's trial counsel prior to its receipt of Gear 2000's timely responses to its First Set of Discovery. Each document request is discussed individually below:

Request No. 1.

> All documents comprising your patent prosecution files related to the '104 Patent or any of the Relevant Patents, including but not limited to: drafts of all applications; drafts of correspondence to the USPTO (including without limitation drafts of office action responses, petitions, information disclosure statements, and proposed continuing applications, whether or not such a continuing application was ever filed); complete or incomplete disclosure forms from the inventor(s); attorney questionnaires summarizing resolution of patenting checklists; summaries of the patent portfolio or file; changes to draft applications, whether handwritten or typed; cover sheets to faxes and interoffice memoranda; invention control sheets and invention control reports; and technical drawings, technical information, sketches, tables, and test results.

3

Russell's Request No. 1 seeks "[a]ll documents comprising your patent prosecution files related to the '104 Patent or any of the Relevant Patents." Russell's Request No. 1 is wholly duplicative and unreasonably cumulative of Russell's Request for Production Nos. 8, 10, 25 and 27. Indeed, Russell admits that "Request Nos. 1, 7-10, 12, 26, and 27 seek documents and things related to the '104 Patent and Related Property, and should encompass Plaintiff's complete files related to the '104 Patent and Related Property." Ex. A. *See also* Russell's First Set of Discovery, Request Nos. 1, 7-10, 12, 26, and 27. By example only, Russell's RFP No. 8 seeks "all documents comprising your complete files related to the '104 patent." Ex. B, p. 11.[1]

Russell asserts that Request No. 1 is justifiable, despite its incredibly broad scope, because "the core questions for the inequitable conduct defense are what Ms. Derusseau knew and when she knew it." Without addressing the merits of this statement, Gear 2000 respectfully submits that Russell's Request No. 1 seeks documents well beyond the scope of its purpose.

Request No. 2.

> All documents comprising correspondence between you and Gear 2000, related in any way to the prosecution of the '104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents, including but not limited to correspondence which contains information provided to the USPTO or any foreign or international office, correspondence related to technical data or designs, and correspondence transmitting prior art references, prior patents, or other documents potentially relevant to patentability.

Russell's Request No. 2 seeks "[a]ll documents comprising correspondence between you and Gear 2000, related in any way to the prosecution of the '104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents." Russell's Request No. 2

---

[1] As explained in Gear 2000's Reply to Russell's Response to Motion to Quash ("Reply Brief"), Russell's own First Set of Discovery expressly contemplates discovering information regarding the exact topics about which it seeks to discover documents from Gear 2000's trial counsel. *See* Reply Brief (Doc. 49), pp. 11-13. Gear 2000 incorporates, by this reference, this explanation into its Opposition Brief.

is wholly duplicative and unreasonably cumulative of Russell's Request for Production Nos. 8, 9, 10, 25 and 27.

On its face, any correspondence between Ms. Derusseau and Gear 2000, will be in Gear 2000's possession, as well. Indeed, the above RFP's request just this type of information and Russell could, if it desired, make this exact same request of Gear 2000, which is a far less invasive, burdensome and cumulative means of discovering this information.

Request No. 3.

All documents comprising or relating to communications between you and the USPTO or any foreign or international office and notes of any discussions with USPTO personnel, including but not limited to correspondence or discussions with the primary examiner Tejash Patel, related in any way to the prosecution of the '104 Patent, other patent applications listing Edward Tobergte as an inventor.

Russell's request No. 3 is wholly duplicative and unreasonably cumulative of Russell's Request for Production Nos. 8, 10, 25, 26, 27 and Interrogatory Nos. 12 and 21. By example only, RFP Nos. 8 and 10 request essentially the same information requested above; i.e., all communications between Ms. Derusseau and the USPTO and any foreign or international office (RFP No. 8) and notes of any discussion with USPTO personnel (RFP No. 10).

Request No. 4.

All documents evidencing or relating to invoices from, and all correspondence with, any third party (patent search vendors, individuals who prepare drawings, etc.) concerning the preparation of a patent application for, or regarding the patentability/novelty or other searches in relation to the prosecution of the '104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents.

Russell's request No. 4 is wholly duplicative and unreasonably cumulative of Russell's Request for Production Nos. 1, 7, 8, 9, 10, 12, 25, 26, 27 and Interrogatory Nos. 12 and 21. Russell's request No. 4 requests documents relating to all correspondence with any third party

5

concerning the patent application for, or the patentability/novelty or other searches in relation to the prosecution of the '104 Patent. Russell's RFP No. 7, standing alone, already requests almost the exact same information. When taken together with RFP Nos. 1, 8, 9, 10, 12, 25, 26, 27 and Interrogatory Nos. 12 and 21, Russell clearly has a less burdensome means for retrieving this information.

Request No. 5.

> All documents evidencing or relating to your legal bills to or payments to you from Gear 2000, Stromgren Supports, Stromgren Athletics, Inc., Arveda, LLC, or any other individual or entity related thereto in relation to the prosecution of the '104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents (collectively "Files"); records regarding your assigned client/matter numbers for the Files; and records identifying the individual staff members working or who worked on the Files.

Russell's Request No. 5 is wholly duplicative and unreasonably cumulative of Russell's Request for Production Nos. 4, 7, 8, 9, 10, 12, 25, 26, 27 and Interrogatory Nos. 7, 13 and 21 because the information which it seeks to discover (i.e., the date on which Ms. Derusseau became aware of certain prior art – Int. No. 21 – and records identifying staff members who worked on files which identify other individuals who may have discoverable knowledge – Int. No. 7.) has already been requested from Gear 2000.

Furthermore, Gear 2000 and Ms. Derusseau maintain the objection to the production of Ms. Derusseau's bills on the basis of attorney-client privilege, especially in light of the fact that Russell can discover the sought-after information through far less invasive means.

Request No. 6.

> All documents evidencing or relating to all prior art references or patents in the files relating to the '104 Patent, other patent applications listing Edward Tobergte as an

inventor, or any of the Relevant Patents; and all documents evidencing the date when you became aware of any prior art reference or patent, including but not limited to e-mails or correspondence.

Russell's Request No. 6 is wholly duplicative and unreasonably cumulative of Russell's Request for Production Nos. 1, 2, 7, 8, 9, 10, 23, 25, 26, 27 and Interrogatory Nos. 12 and 21. Indeed, Russell admits that, with regard to Request No. 6, "[s]uch documents were previously requested, such information previously sought, by requests for production and interrogatories to Gear 2000." Russell's Motion, p. 8. Further, Russell's Request No. 6 is duplicative of its Request No. 2.

Request No. 7.

All documents evidencing or relating to, referencing, or discussing disclosure or nondisclosure of any prior art reference to the USPTO in relation to the prosecution of the '104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents, including but not limited to e-mails or correspondence.

Russell's Request No. 7 is wholly duplicative and unreasonably cumulative of Russell's Request for Production Nos. 1, 2, 6, 7, 8, 9, 10, 12, 23, 25, 26, 27 and Interrogatory Nos. 12 and 21. Russell's Request No. 7 is also duplicative of its Request No. 6. Therefore, "[s]uch documents were previously requested, such information previously sought, by requests for production and interrogatories to Gear 2000." Russell's Motion, p. 8.

Request No. 8.

All documents evidencing or relating to your notes regarding prior art references or their content in relation to the prosecution of the '104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents; any document referencing the content of the prior art references, including any analysis of the patentability of devices disclosed in either the 104 Patent, other patent applications listing Edward Tobergte as an inventor, or any of the Relevant Patents in view of the prior art

7

Russell's Request No. 8 is wholly duplicative and unreasonably cumulative of Russell's Request for Production Nos. 1, 2, 5, 6, 7, 8, 9, 10, 12, 23, 25, 26, 27 and Interrogatory Nos. 12 and 21. Russell's Request No. 8 is also duplicative of its Request No. 6. Therefore, "[s]uch documents were previously requested, such information previously sought, by requests for production and interrogatories to Gear 2000." Russell's Motion, p. 8.

Request No. 9.

All documents comprising your internal notes and memoranda prepared in connection with the '104 Patent application, other patent applications listing Edward Tobergte as an inventor, any prior applications related thereto, or any of the Relevant Patents.

Russell's Request No. 9 is wholly duplicative and unreasonably cumulative of Russell's Request for Production Nos. 1, 2, 5, 6, 7, 8, 9, 10, 12, 23, 25, 26, 27 and Interrogatory Nos. 12 and 21. Russell's Request No. 9 is also duplicative of its Request No. 8. Therefore, "[s]uch documents were previously requested, such information previously sought, by requests for production and interrogatories to Gear 2000." Russell's Motion, p. 8.

Russell's justification for Request No. 9 is that the "existence or non-existence of memoranda addressing the prior art is relevant to the defense of inequitable conduct." Russell's Motion, p. 10. Far less invasive means are available to determine whether Ms. Derusseau prepared memoranda addressing prior art.

Request No. 10.

All documents evidencing or relating to the inventorship of the '104 Patent or any Relevant Patent or the evaluation of inventorship of the '104 Patent or any Relevant Patent.

Russell's Request No. 10 is wholly duplicative and unreasonably cumulative of Russell's Request for Production Nos. 4, 7, 8, 9, 10, 12, 25, 31 and Interrogatory Nos. 7, 9 and 13. By example, RFP No. 4 expressly requests "[a]ll documents relating to the names, titles and/or job

responsibilities of Gear 2000's current or former employees, consultants, supplies and vendors involved in any manner in the conception, research and development, design, testing, manufacture, patent activities engineering, production . . . of any Claimed Instrumentality." Discovery Requests, p. 11.

> Request No. 11.
>
> All specimens of any product of defendant Russell Corporation (n/k/a Russell Brands, LLC) you viewed in conjunction with enforcement of the '104 Patent.

Request No. 11 is wholly duplicative and unreasonably cumulative of Russell's Request for Production Nos. 11, 18 and Interrogatory Nos. 3 and 8.

**III.   Defendant's Document Subpoena Requests Documents That Are Available From a More Convenient Source Than Gear 2000's Trial Counsel: i.e., Gear 2000.**

As more fully set forth above and in its Reply to Russell's Response to Motion to Quash, the documents sought by Russell's Document Subpoena are available from a more convenient source: i.e., Gear 2000. Indeed, as explained in the Reply Brief, Russell's own Discovery Requests expressly contemplate the discovery of information and documents from Gear 2000 that are identical to the topics which it now seeks to discover from Gear 2000's trial counsel. *See* Reply Brief (Doc. 49), pp. 11-13. Gear 2000 incorporates, by this reference, this explanation into its Opposition Brief. Indeed, Russell's Document Subpoena now seeks the same set of discovery from Ms. Derusseau. Because a far less burdensome and more convenient source exists for the information sought, Russell's Motion should be denied.

**III.   Defendant's Document Subpoena Requests Documents That Are Protected by the Attorney-Client Privilege and/or Work Product Privilege**

As already specifically identified in its objections to the Document Subpoena, Defendant's Document Subpoena requests documents that are protected by the attorney-client

9

privilege and/or work product privilege. To the extent any relevant, non-objectionable and responsive but privileged documents exist, Gear 2000 produced a privilege log on May 8, 2009 identifying such documents subject to a claim of privilege.

**IV.   Russell's Motion to Compel Should be Denied Because Gear 2000 and Ms. Derusseau Have Agreed to Produce an Additional Four Hundred Pages of Documents Responsive to Russell's First Set of Discovery.**

As Russell references in its Motion, the parties have come to terms with regard to the production of certain non-privileged documents responsive to Russell's First Set of Discovery Requests. Gear 2000 intends to supplement its document production in the next day or so. It is noteworthy that Russell did not request that Gear 2000 supplement its document production until May 14, 2009. It is not surprising that the very questions to which Russell has sought further production from Gear 2000 address the same topics which it now seeks to discover from Gear 2000's trial counsel. (*See e.g.,* Edward J. Everitt letter to Mr. Stephen J. Pedersen, dated May 14, 2009, p. 1).

**V.   Russell's Document Subpoena of Gear 2000's Trial Counsel Places an Undue Burden and Expense Upon Ms. Derusseau and Gear 2000**

Further, it is noteworthy that, as Gear 2000 explained in its Reply Brief, Russell (defectively) served its Document Subpoena on Ms. Derusseau and her law firm before it received any of Gear 2000's responses to Russell's First Set of Interrogatories or Requests for Production.

Russell and its counsel failed to take reasonable steps to avoid imposing an undue burden and expense on Ms. Derusseau, her law firm Erickson, Kernell, Derusseau & Kleypas LLC, and Gear 2000 before serving her with the Document Subpoena.

Federal Rule of Civil Procedure 45(c)(1) mandates the following:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(c)(1).

Russell failed to comply with Fed. R. Civ. P. 45(c)(1). Russell has repeatedly sought to convince this Court that it has been left with no choice but to depose Gear 2000's trial counsel because Gear 2000 has stonewalled Russell at every turn by refusing to fully answer interrogatories, produce relevant documents. As already set forth in its Reply Brief, this argument is disingenuous.

Russell (defectively) served subpoenas on Gear 2000's trial counsel on March 6, 2009: four days *before* Gear 2000 served its Objections and Responses to Russell's First Set of Discovery or Initial Disclosures. *See* Exhibits C, D and E, and Doc Nos. 44-2 and 44-3. Its intent, from the beginning, was to create as much leverage for its client as possible, prior to court ordered mediation (the deadline for which has now been moved back due to Russell's unwarranted and preemptive subpoenas), in order to harass and place an unwarranted spotlight on Ms. Derusseau and run-up the costs of Gear 2000, a significantly smaller entity than the Berkshire Hathaway-owned, Russell. For Russell to now assert that it had no choice but to subpoena Gear 2000's trial counsel due to Gear 2000's purported failure to produce documents or answer interrogatories should not be countenanced. As is explained above, Russell's serving of its unwarranted, preemptive and incredibly broad subpoenas upon Gear 2000's trial counsel has disrupted this litigation and placed undue burden and costs upon Gear 2000 and its trial counsel.

## CONCLUSION

For the reasons stated herein, Ms. Derusseau and Gear 2000 respectfully request that this Court grant its Motion to Quash and enter a protective order preventing the production of documents from Gear 2000's trial counsel.

By  *s/James J. Kernell*
James J. Kernell, #19,559
Ginnie C. Derusseau #16,988
Erickson, Kernell, Derusseau
& Kleypas, LLC
800 West 47th Street, Suite 401
Kansas City, Missouri 64112
Telephone:  (816) 753-6777
Facsimile:  (816) 753-6888
Email:  jkernell@kcpatentlaw.com
Email:  ginnied@kcpatentlaw.com

John P. Passarelli, NE #16018
Stephen J. Pedersen, NE #22465
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102
Telephone:  (402) 346-6000
Facsimile:   (402) 346-1148
Email:  john.passarelli@kutakrock.com
Email:  stephen.pedersen@kutakrock.com

ATTORNEYS FOR PLAINTIFF
ED TOBERGTE ASSOCIATES COMPANY

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 18, 2009, I electronically filed the foregoing **BRIEF IN OPPOSITION TO RUSSELL BRANDS, LLC'S MOTION TO COMPEL** with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

> Russell S. Jones, Jr. KS #70814
> Richard P. Stitt KS #14268
> POLSINELLI SHUGHART PC
> 120 W 12th Street, Suite 1600
> Kansas City, MO 64105
> Telephone: 816-421-3355
> Facsimile: 816-374-0509
> Email: rjones@polsinelli.com
> Email: rstitt@polsinelli.com
>
> and
>
> Paul M. Sykes
> Joel M. Kuehnert
> Nathan W. Johnson
> Edward J. Everitt
> Bradley Arant Boult Cummings LLP
> One Federal Place
> 1819 Fifth Avenue North
> Birmingham, AL 35203
> Telephone: 205-521-8000
> Facsimile: 205-521-8800
> Email: psykes@ba-boult.com
> Email: jkuehnert@ba-boult.com
> Email: njohnson@ba-boult.com
> Email: eeveritt@ba-boult.com

                *s/James J. Kernell*
                James J. Kernell, #19,559