IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ED TOBERGTE ASSOCIATES COMPANY d/b/a GEAR 2000, an Ohio corporation,<br><br>    Plaintiff,<br><br>v.<br><br>RUSSELL BRANDS, LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No: 2:08-cv-02290-JWL-GLR |

### DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Russell Brands, LLC ("Russell"), by and through its undersigned attorneys, answers Plaintiff Ed Tobergte Associates Company d/b/a Gear 2000's ("Gear 2000" or "Plaintiff") Second Amended Complaint ("Complaint") as follows and further incorporates by reference its previously filed and served counterclaim:

1. Russell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies same and demands strict proof thereof.

2. Russell admits that it was formerly known as Russell Corporation and is a Delaware limited liability company with a place of business at 3330 Cumberland Boulevard, Atlanta, Georgia 30339. Except as expressly admitted herein, Russell denies the allegations of paragraph 2 of the Complaint and demands strict proof thereof.

3. Russell admits that the Complaint purports to assert claims for patent infringement under the patent laws of the United States and for violation of the Lanham Act.

Except as expressly admitted herein, Russell denies the allegations of paragraph 3 of the Complaint and demands strict proof thereof.

4. Russell admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. Except as expressly admitted herein, Russell denies the allegations of paragraph 4 of the Complaint and demands strict proof thereof.

5. Russell admits that venue is proper in this court.

6. Russell admits it has transacted business in the district of Kansas. Except as expressly admitted herein, Russell denies the allegations of paragraph 6 of the Complaint and demands strict proof thereof.

7. Russell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore denies same and demands strict proof thereof.

8. Russell admits that on January 30, 2007, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 7,168,104 ("the '104 patent"). Russell further admits that Exhibit A to the Complaint purports to be a copy of the '104 patent, the official government records of which are written documents and are the best evidence of its contents, all of which must be consulted to ascertain its true meaning. Except as expressly admitted herein, Russell denies the allegations of paragraph 8 of the Complaint and demands strict proof thereof.

9. Russell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and therefore denies same and demands strict proof thereof.

10. Russell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore denies same and demands strict proof thereof.

11. Russell admits the '104 patent appears to contain twenty-two claims. Russell denies that the claims of the '104 patent can be "generally directed." Except as expressly admitted herein, Russell denies the allegations of paragraph 11 of the Complaint and demands strict proof thereof.

12. Russell denies that the '104 Patent and each and every claim thereof are valid. Russell admits that 35 U.S.C. § 282 provides that a patent and the claims thereof are presumed valid, subject to the defenses and other provisions of the Patent Act. Russell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint, if any, and therefore denies same and demands strict proof thereof.

13. Russell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and therefore denies same and demands strict proof thereof.

14. Russell admits that it uses the designation "XTREME LITE" for some of its football shoulder pads. Except as expressly admitted herein, Russell denies the allegations of paragraph 14 of the Complaint and demands strict proof thereof.

15. Russell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore denies same and demands strict proof thereof.

16. Russell admits that it received written correspondence from counsel for Gear 2000 on or around March 28, 2007 referencing the '104 patent. Except as expressly admitted

2505833.01

herein, Russell denies the allegations of paragraph 16 of the Complaint and demands strict proof thereof.

17. Russell admits that it has shipped a limited number of XTREME LITE shoulder pads to certain dealers in this judicial district. Russell further admits that it has supplied XTREME LITE shoulder pads outside this judicial district. Except as expressly admitted herein, Russell denies the allegations of paragraph 17 of the Complaint and demands strict proof thereof.

18. Russell admits that it sells football shoulder pads throughout the United States. Except as expressly admitted herein, Russell denies the allegations of paragraph 18 of the Complaint and demands strict proof thereof.

19. Russell denies the allegations of paragraph 19 of the Complaint and demands strict proof thereof.

20. Russell denies the allegations of paragraph 20 of the Complaint and demands strict proof thereof.

21. Russell restates and incorporates the responses in paragraphs 1 through 20 above as though fully set forth at this point.

22. Russell denies the allegations of paragraph 22 of the Complaint and demands strict proof thereof.

23. Russell denies the allegations of paragraph 23 of the Complaint and demands strict proof thereof.

24. Russell denies the allegations of paragraph 24 of the Complaint and demands strict proof thereof.

25. Russell restates and incorporates the responses in paragraphs 1 through 24 above as though fully set forth at this point.

26. Russell denies the allegations of paragraph 26 of the Complaint and demands strict proof thereof.

27. Russell denies the allegations of paragraph 27 of the Complaint and demands strict proof thereof.

28. Russell denies the allegations of paragraph 28 of the Complaint and demands strict proof thereof.

29. Russell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and therefore denies same and demands strict proof thereof.

30. Russell denies the allegations of paragraph 30 of the Complaint and demands strict proof thereof.

31. Russell denies the allegations of paragraph 31 of the Complaint and demands strict proof thereof.

32. Russell denies the allegations of the final unnumbered paragraph beginning, "WHEREFORE" and further denies the Plaintiff's prayers for relief labeled (a) through (k). Russell denies that Plaintiff is entitled to any relief or recovery whatsoever from Russell and denies that Plaintiff is entitled to enforce any claim for patent infringement or violation of the Lanham Act against Russell, for the reasons set forth herein and elsewhere in this response.

## RESERVATIONS AND AFFIRMATIVE DEFENSES

Russell, without assuming any burden of pleading, proof or persuasion otherwise resting on Plaintiff, asserts the following additional defenses:

2505833.01

**FIRST DEFENSE**

Russell has not and does not infringe, either literally or under the doctrine of equivalents, contributorily or by inducement, any valid and enforceable claim of the '104 patent.

**SECOND DEFENSE**

Russell is not liable in any respect for any infringement of the '104 patent.

**THIRD DEFENSE**

The '104 patent is unenforceable, among other reasons, due to inequitable conduct of the Plaintiff and its predecessors in interest in connection with the prosecution of the '104 patent and/or other patent applications in continuity therewith. Such inequitable conduct includes, but is not limited, to the failure of Plaintiff and/or its predecessors in interest to fully disclose information material to the patentability of one or more claims thereof.

**FOURTH DEFENSE**

The doctrine of prosecution history estoppel precludes reliance by Plaintiff upon the doctrine of equivalents.

**FIFTH DEFENSE**

The '104 patent, and each and every claim thereof, are invalid for failure to satisfy one or more of the conditions for patentability of 35 U.S.C. §§ 102, and 103, separately and severally.

**SIXTH DEFENSE**

The Patent and each and every claim thereof, are invalid for failure to comply with one or more requirements of 35 U.S.C. § 112.

**SEVENTH DEFENSE**

Equitable principles, including the doctrine of unclean hands or patent misuse, or both, may bar some or all of the claims asserted in the Complaint because Plaintiff seeks to enforce a patent or claims thereof that, upon information and belief, Plaintiff knows to be invalid, void, unenforceable, or not infringed.

2505833.01

**EIGHTH DEFENSE**

Plaintiff's claims, separately and severally, are barred by the doctrines of release, laches, estoppel, and waiver, separately and severally.

**NINTH DEFENSE**

Plaintiff's damages claim, if any, against Russell regarding U.S. Patent No. 7,168,104 are limited pursuant to 35 U.S.C. § 287.

**TENTH DEFENSE**

United States patent law does not allow restitution or defendant's profits as a remedy or measure of damages for patent infringement.

**ELEVENTH DEFENSE**

Plaintiff has an adequate remedy at law and no basis exists for the grant of equitable relief.

**TWELFTH DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, due to Plaintiff's failure to mitigate its damages.

**THIRTEENTH DEFENSE**

Plaintiff has abandoned and dedicated to the public domain all inventions, information, methods, features, elements and devices described in U.S. Patent number 7,168,104 to the extent the same are not literally included within the scope of the claims.

**FOURTEENTH DEFENSE**

To the extent the Complaint includes a demand for injunctive relief, Russell pleads the defense of delay.

**FIFTEENTH DEFENSE**

Plaintiff is not entitled to costs, pursuant to 35 U.S.C. 288, by virtue of one or more invalid claims for which a disclaimer has not been entered prior to commencement of the suit.

2505833.01

**SIXTEENTH DEFENSE**

Plaintiff's Complaint seeks to make Russell liable for infringement of U.S. Patent No. 7,168,104. The Supreme Court of the United States has issued an opinion styled <u>KSR International Co. v. Teleflex Inc.</u>, 119 Fed. Appx. 282 (2007), on the issue of patent validity. Russell adopts by reference whatever defenses, criteria, limitations, standards, and constitutional protections that are mandated or provided by the decision of the Supreme Court of the United States in that case, including but not limited to the defense of obviousness.

**SEVENTEENTH DEFENSE**

Russell denies that Plaintiff is entitled to damages of the nature, type, or amount sought in Plaintiff's Complaint.

**EIGHTEENTH DEFENSE**

Except as expressly admitted herein, Russell denies all allegations contained in Plaintiff's Complaint.

**NINETEENTH DEFENSE**

Russell reserves the right to amend its answer to assert additional affirmative or supplemental defenses after completion of further investigation and discovery herein.

Respectfully submitted,

 */s/ Russell S. Jones*
Russell S. Jones, Jr. D. Kan. #70814
Richard P. Stitt KS #14268
Joshua M. McCaig MO #56059
SHUGHART THOMSON & KILROY, P.C.
120 West 12th Street, Suite 1600
Kansas City MO 64105
Telephone: 816-421-3355
Facsimile: 816-374-0509
rjones@stklaw.com
rstitt@stklaw.com
jmccaig@stklaw.com

                    **OF COUNSEL**
Paul M. Sykes
Nathan W. Johnson
Edward J. Everitt
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Fax: (205) 521-8800
psykes@babc.com
njohnson@babc.com
eeveritt@babc.com

ATTORNEYS FOR DEFENDANT
RUSSELL CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Ginnie C. Derusseau
    James J. Kernell
    ERICKSON, KERNELL, DERUSSEAU& KLEYPAS, LLC
    4400 College Boulevard, Suite 130
    Overland Park, KS 66211
    Phone: (913) 339-9666
    Fax:    (913) 339-6061
    ginnied@usapatlaw.com

    John P. Passarelli, NE #16018
    Stephen J. Pedersen, NE #22465
    Kutak Rock LLP
    1650 Farnam Street
    Omaha, NE 68102
    Telephone:  (402) 346-6000
    Facsimile:   (402) 346-1148
    john.passarelli@kutakrock.com
    stephen.pedersen@kutakrock.com

*Attorneys for Plaintiff Ed Tobergte Associates Company d/b/a Gear 2000*

                                      */s/ Russell S. Jones*
                                      Attorney for Defendant

2505833.01